IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THE ESTATE OF CHRIS BROWN,
DENISE BROWN (individually and as
the personal representative of Brown's
estate), JOHN BROWN, SAMANTHA
BROWN and JACOB BROWN,

                                       ORDER

                 Plaintiffs,

                                 07-cv-471-bbc

      v.

JENNIFER MEIERDIRK (in her
individual and official capacities),
SHAWN NOLAN (in his individual
and official capacities), WAYNE
HANSEN (in his individual and
official capacities), JOSH LUND (in
his individual and official capacities)
and ROCK COUNTY,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Judgment was entered in favor of defendants in this case on June 12, 2008 (dkt.

#49).  On June 27, 2008, plaintiffs filed a motion under Fed. R. Civ. P. 59(e) and 60(b)

requesting partial reconsideration of my June 12 order (dkt. #48).

Motions to alter or amend a judgment under Rule 59(e) "must be filed no later than

10 days after the entry of the judgment."  Although plaintiffs allege that judgment was

entered on June 13, 2008, they are mistaken.  The judgment was signed on June 12, 2008,

and is listed on the docket sheet as "filed" on June 12, 2008.  Excluding weekends and the

day judgment was entered in accordance with Rule 6(a), ten days from June 12, 2008, was

June 26, 2008.  Plaintiffs filed this motion on June 27, one day late.  Time to file Rule 59(e)

motions cannot be extended.  Fed. R. Civ. P. 6(b)(2).  Therefore, plaintiffs motion cannot

be brought under Rule 59(e) and must be considered under Rule 60(b).

Rule 60(b) authorizes a court to grant relief from judgment when a party brings a

motion based on one of six specific grounds listed in the rule.  Fed. R. Civ. P. 60(b); see also

United States v. Deutsch, 981 F.2d 299, 301 (7th Cir. 1992) (explaining that Rule 60(b)

motions "must be shaped to the specific grounds for modification or reversal found in

60(b)— they cannot be general pleas for relief").  Specifically,

> the court may relieve a party . . . from a final judgment, order, or proceeding for the
> following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
> discovered evidence that, with reasonable diligence, could not have been discovered
> in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called
> intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the
> judgment is void; (5) the judgment has been satisfied, released, or discharged; it is
> based on an earlier judgment that has been reversed or vacated; or applying it
> prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Plaintiffs do not specify which of the six grounds is applicable to their

motion.  A review of plaintiffs' contentions establishes that none could be categorized under

2

grounds one through five.  The only possible ground plaintiffs can be attempting to proceed

on is ground six, that is, "any other reason that justifies relief."

Relief under Rule 60(b)(6) is extraordinary relief and requires a showing of

exceptional circumstances, none of which have been shown to exist in this case.  <u>See</u>, <u>e.g.</u>,

<u>Kagan v. Caterpillar Tractor Co.</u>, 795 F.2d 601 (7th Cir. 1986); <u>Andrews v. Heinold</u>

<u>Commodities, Inc.</u>, 771 F.2d 184 (1985).  Instead of presenting exceptional circumstances,

plaintiffs have merely restated the contention they made on summary judgment, which was

that there are sufficient facts for a reasonable jury to determine that defendant Hansen was

aware that Chris Brown posed a substantial suicide risk.  Plaintiffs reiterate that it should

be left to a jury to decide defendant Hansen's state of mind.  Plaintiffs' contention failed on

summary judgment and it fares no better on reconsideration because "[a] motion that merely

republishes the reasons that had failed to convince the tribunal in the first place gives the

tribunal no reason to change its mind."  <u>Ahmed v. Ashcroft</u>, 388 F.3d 247, 249 (7th Cir.

2004).  Accordingly, plaintiffs' motion will be denied.

ORDER

IT IS ORDERED that the motion for partial reconsideration (dkt. #53) filed by plaintiffs Estate of Chris Brown, Denise Brown, John Brown, Samantha Brown and Jacob Brown is DENIED.

Entered this 9th day of July, 2008.

BY THE COURT:

_____

BARBARA B. CRABB
District Judge

4